## UNITED STATES v. SHIVELY et al.

District Court, W. D. Virginia, at Roanoke.
May 12, 1936.

108

Sterling Hutcheson, of Richmond, Va., and Frank S. Tavenner, Jr., Asst. U. S. Atty., of Woodstock, Va., for the United States.

T. X. Parsons, of Roanoke, Va., J. C. Shaffer, of Wytheville, Va., John W. Carter, Jr., of Danville, Va., John B. Spiers, of East Radford, Va., and B. A. Davis, Jr., and J. B. Allman, both of Rocky Mount, Va., and Robert H. Archer, of Baltimore, Md., for defendants.

PAUL, District Judge.

To the indictment in this case which involves twenty-four defendants, several of the defendants have filed their demurrers. The grounds of demurrer assigned are numerous, most of them being in such general form or so plainly without merit as not to justify any prolonged discussion.

One of the grounds of demurrer assigned by several of the defendants is that it is not clear whether the indictment intends to charge a violation of section 37 of the Criminal Code (section 88. title 18 U.S.C.A.), or a violation of section 135 of the Criminal Code (section 241, title 18 U.S.C.A.), or a violation of section 136, Criminal Code (section 242, title 18 U.S.C.A.), and that the indictment is, therefore, multifarious in that more than one offense is charged in a single count. There is no ground for any uncertainty or confusion as to the offense charged. The indictment specifically and clearly states that the defendants "Did unlawfully, wilfully, knowingly and feloniously conspire, combine, confederate and agree among themselves, and with each other * * * to influence the verdict of said petit jurors before named * * * contrary to the provisions of the Act of Congress known as section 136 of the Criminal Code of the United States of America (R.S. § 5406, title 18, § 242, U.S.C.A.)"

No other statute is mentioned or suggested as having been violated by these defendants and, as a reading of the indictment clearly shows, there is no lack of definiteness as to the specific statute under which the indictment is laid.

Other grounds of demurrer are to the effect that the allegations of certain overt acts set out in the indictment do not in themselves show the connection of the act with the conspiracy and that the overt acts alleged to have been committed by certain defendants are not sufficient in themselves to show that such defendants were conspirators.

As to this, it need only be said that the indictment clearly charges that each of the overt acts set out were done in pursuance of and in order to effect the object and purpose of the conspiracy and as a means and method of carrying out the same. It is not necessary that the description of each overt act taken by itself should show facts constituting a conspiracy. It is not required that each act should be a conspiracy in itself or should describe happenings which, taken alone, constitute a conspiracy. The overt acts are merely the steps taken in furtherance of the conspiracy.

What appears to me as the only ground of demurrer meriting serious consideration is embodied in the contention that section 136, Criminal Code (section 242, title 18 U.S.C.A.), is designed to prohibit and punish a conspiracy to accomplish results named therein by "force, intimidation, or threat" and that this indictment does not allege any "force, intimidation, or threat" by any of the defendants, but alleges only that the defendants conspired "to influence the verdict of the said petit jurors."

The statute in question is as follows:

"Conspiring to intimidate party, witness, or juror. If two or more persons conspire to deter by force, intimidation, or threat, any party or witness in any court of the United States, or in any examination before a United States commissioner or officer acting as such commissioner, from attending such court or examination, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or on account of his being or having been such juror, each of such persons shall be fined not more than $5,000 or imprisoned not more than six years, or both. (R.S. § 5406; Mar. 4, 1909, c. 321, § 136, 35 Stat. 1113.)"

It is the contention of the defendants that the statute makes unlawful only those conspiracies whose purpose is to be accomplished by "force, intimidation, or threat." I think an analysis of the statute denies this contention. It will be noted that the words "by force, intimidation, or threat" follow the verb "to deter" in the second line of the section as quoted above and evidently relate to and modify that verb; but I am unable to see how the phrase "by force, intimidation, or threat" can also be taken to modify the verb "to influence" in the twelfth line. The statute deals with several purposes which may be the subject of a conspiracy. One of these is to deter a party or witness from attending court or testifying; another is to influence the verdict of a jury. As to the first, it is unlawful to conspire "to deter by force, intimidation, or threat, any party * * * from attending such court," etc. As to the second, it is unlawful to conspire "to influence the verdict * * * of any * * juror," etc. If the words "by force, intimidation, or threat" immediately followed the words "conspire" at the beginning of the section, they might be taken to relate to the entire following portion of the section and to any of the enumerated subjects of conspiracy. But as the sentence is now constructed, it is plain, I think, that the words "by force, intimidation, or threat" modify only the words "to deter," relating to the attendance of parties or witnesses at court and to their testifying. Analyzing the statute and reconstructing its language, its meaning may be thus expressed (omitting language not essential to this discussion):

"If two or more persons conspire

"(1) To deter by force, intimidation, or threat, any party or witness * * * from attending court, etc.

"(2) To influence the verdict * * * of a juror * * * etc. * * * each of such persons shall be fined," etc.

In other words, if the conspiracy is to deter a party or witness from attending court, the deterrence must involve force, intimidation, or threat. If the conspiracy be to influence a juror, there is no limitation upon the means whereby the influence is to be exerted.

It may be argued that the title or heading of the section as printed in the Code indicates that the exercise of intimidation is an element of any offense named in it. It is true that as printed in the Code the heading descriptive of the contents of the section reads, "Conspiring to intimidate party, witness, or juror." But this heading is not part of the statute. It was not enacted by Congress. This section was and is a part of the Act of Congress known as the United States Criminal Code which was enacted as a whole on March 4, 1909. The act appears in 35 U.S. Statutes at Large, p. 1088. This section is on page 1113. Reference to the original act shows no heading or descriptive title to this section as part of the act of Congress. The heading, meant to be descriptive of the contents of the section, has been provided by codifiers or annotators and, not being a part of the act, cannot, in my opinion, deny the effect of the statute as enacted. The demurrers to the indictment will be overruled.